UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : CRIM. NO. ELH-15-0072 |
| | : |
| RICHARD BARKSDALE | : |

…oooOooo…

MOTION FOR EXCLUSION OF TIME FROM
SPEEDY TRIAL COMPUTATIONS

The United States of America, by and through undersigned counsel, hereby moves this Court as follows:

1. The Speedy Trial Act, 18 U.S.C. § 3161, requires that a defendant be brought to trial within 70 days of indictment or initial appearance. The Act does provide for various circumstances under which the computation of time may be excluded. 18 U.S.C. § 3161(h).

2. On February 5, 2015, the Defendant was indicted by a grand jury sitting in the District of Maryland in a one count indictment. On February 20, 2015, the Defendant had his initial appearance and arraignment. A telephone status conference was held between the parties and the Court on March 20, 2015. The parties have already begun initial discussions regarding a plea resolution in this matter. Although a plea disposition is not certain, the parties are hopeful that a plea disposition will result in this matter. A second telephone status conference is set for April 20, 2015 in order to update the court on the progress of the plea negotiation.

1

3. The government requests an exclusion of time until April 20, 2015. The circumstances of this case permit such a delay and an exclusion of time during this period. Periods of delay that extend the time within which trial should commence include delays granted by the Court on the basis of a finding that the ends of justice served by taking such action outweigh the best interest of the public and the Defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). In this case, the requested exclusion of time will permit the parties to continue plea discussions and to work towards a global resolution in this matter. A plea disposition would serve the interests of justice because it would allow the parties to enter into a mutually acceptable and beneficial disposition and would also preserve the resources that might otherwise be expended in a trial. Therefore, in this case the ends of justice served by extending the computation of time under the Speedy Trial Act outweigh the interests of the defendant, and the public, in a speedy trial, and the resulting delay is permissible pursuant to 18 U.S.C. § 3161(h)(7).

5. Counsel for the Defendant advises that the defense does not have an objection to this request.

Wherefore, the United States, through undersigned counsel, hereby requests that the Court issue an unopposed Order providing for the requested exclusion of time from the date of this Motion through April 20, 2015. A proposed Order is submitted herewith.

Respectfully submitted,

Rod J. Rosenstein
United States Attorney

By: _____/s/_____
Michael Hanlon
Assistant United States Attorney
36 South Charles Street, Fourth Floor
Baltimore, Maryland 21201
410-209-4895
Fax: 410-962-0717

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | |
| **v.** : | **CRIM. NO. ELH-15-0072** |
| : | |
| **RICHARD BARKSDALE** : | |

…oooOooo…

**ORDER**

Upon consideration of the Government's Motion for Exclusion of Time from Speedy Trial Computations, the Court finds as follows:

The parties in this case have begun discussions to resolve this matter in a mutually acceptable disposition that would preserve the resources of the Court.

The Court hereby excludes from the computation of time under the Speedy Trial Act the period from the date of the filing of the government's Motion through April 20, 2015. The circumstances of this case permit such a delay and an exclusion of time during this period. Periods of delay that extend the time within which trial should commence include delays granted by the Court on the basis of a finding that the ends of justice served by taking such action outweigh the best interest of the public and the Defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). In this case, the requested exclusion of time will permit the parties to continue actively working towards a resolution in this case short of a trial. A plea disposition would serve the interests of justice because it would allow the parties to enter into a mutually acceptable and

beneficial disposition and would also preserve the resources that might otherwise is expended in a trial.

Therefore, because the interests of justice served by such a delay outweigh the interests of the Defendant, and the public, in a speedy trial, the period from the date of the government's Motion through April 20, 2015 is excluded from computation under the Speedy Trial Act, pursuant to 18 U.S.C. § 3161(h)(7). In addition, counsel for the defendant advises that the defense does not object to this Order.

Therefore, it is hereby ORDERED pursuant to 18 U.S.C. § 3161(h)(7), that the period from the date of the government's Motion through April 20, 2015, shall be excluded from computation under the Speedy Trial Act.

The Clerk of the Court shall mail a copy of this Order to all counsel of record.

_____       _____
Date                             Ellen L. Hollander
                                 United States District Judge